Davis, J.
The court of common pleas was requested to instruct the jury that if they should find that the requirement in the shipping contract *251 to the effect that the shipper should, within five days from the unloading of the stock, give to the carrier written notice, verified by affidavit, of any loss or damage claimed to have been sustained, is under the circumstances of the case a reasonable requirement, then that the plaintiff .could not recover in this action; because it is admitted that no such notice was given. This instruction the court refused to give to the jury; but did instruct as follows: “If the damages occasioned by delay, if you find the plaintiff was damaged by delay, was occasioned by the fault or negligence of the defendant, then notwithstanding the contract, the plaintiff would not be required to make a verified claim for damages within five days to enable him to maintain this suit.” The action of the court in thus refusing to charge the jury as requested and in thus charging the jury was, as we think it very clearly appears, a prejudicial error.
It has long been settled law in this state that a common carrier may, by special contract, limit his common law liability; but that for reasons of public policy a carrier can not by contract exempt himself from liability for damages resulting from his own negligence. This statement of the law is not disputed in this case; for the question now before us is not whether a carrier may by contract relieve himself, in whole or in part, of a liability resulting from his want of due care, but rather whether a carrier may stipulate for a compliance with a reasonable condition relating to his common law liability. The foundation of the rule that the carrier may not contract for exemption from liability for negligence is, that a contract for immunity from a liability which results from the *252 carrier’s neglect to perform a legal duty, would tend to encourage and protect negligence, to the great detriment of commerce and the public interests (Davidson v. Graham et al., 2 Ohio St., 131, 137). If, therefore, the carrier and the shipper, without fraud, imposition or deception, enter into an agreement which does not come within the reason of the rule against exemption from liability for damage resulting from negligence, and is fair and reasonable in itself, it should be enforced as the parties have made it.
It was upon this distinction that this court recently held that in consideration of a reduced rate of carriage a carrier might lawfully contract to be responsible for no more than the valuation agreed upon at the time of shipment (B. & O. Railroad Co. v. Hubbard et al., 72 Ohio St., 302). In such a case the stipulation is not a stipulation for exemption as to the whole or any part of the damage which might occur; but is a liquidation of the damages by the parties, in consideration of the carriage at the reduced freight rate. The shipper has the option to pay the higher price of carriage and recover, in case of loss, the real value of the property carried. He chooses to pay the lower rate and accept the lower valuation. There is nothing unreasonable or contrary to public policy in such a special agreement.
This case calls for the application of the same principle. The contract provides that no claim for loss or damages shall be allowed or sued for, unless the claim shall be made in writing, verified by the affidavit of the shipper or his agent, and delivered to the agent of the carrier at the shipping point within five days from the time the stock *253 should be removed from the- car or cars. Whether such an agreement is a reasonable one or not, must depend on the circumstances of each case. In Railroad v. Hubbard, supra, it was held that it was not proper to charge the jury, under the facts of that case, to the effect that a failure to file a claim within five days from the time the stock was removed from the car in which it was shipped would defeat a recovery, because in that case the extent of the damage could not be known until the fifth day; but the court was not then called upon to decide whether such a stipulation in the contract was binding or not, nor whether a recovery could be had if a verified claim were made within five days after the extent of damage was ascertained.
The question, then, is still an open one, unless we are concluded by what was said in Pittsburgh, etc., Railway Co. v. Sheppard, 56 Ohio St., 68. In the report of that case it is declared that a common carrier can not, by special agreement, relieve himself from responsibility for his own negligence', nor limit his liability for losses resulting therefrom. The questions raised in this case and in Railroad v. Hubbard, supra, do not appear in Railway Co. v. Sheppard, and we are not disposed to extend the latter case beyond the facts stated. However', it must be apparent that what is said as to the right of a carrier to “limit” his liability must be interpreted by the facts in the case; and the only limitation of liability claimed in that case, or the reported cases preceding it, was as to the amount; that is, the right to contract for exemption from liability as to part of the loss or damage.
*254 • Here the controversy is not as to the amount; but wholly in regard to notice of the claim. If the shipper should' comply with his agreement in that regard, nothing short of the statute of limitations could bar his recovery to the full amount of his loss or damage, if he has a good cause of action. The five-day clause is therefore not an exemption from liability to any extent, but is merely in the nature of a condition precedent, which, if the shipper performs, his right of recovery- remains unimpaired, and if he fails to perform, he incurs the penalty of losing his right to sue. Ordinarily it would all lie within the realm of his own volition. It is not therefore the contract of the carrier which exempts or. limits the liability, but the act of the shipper himself. As it was said by the Supreme Court of the United States, in Southern Express Co. v. Caldwell, 21 Wallace, 264, such an agreement contravenes no rule of public policy, it is consistent with holding the carrier to the fullest measure of good faith and diligence which the strictest rules of the common law ever required, and it is intrinsically jüst and reasonable. It only gives to the carrier an opportunity to ascertain the actual facts, or to trace- and recover lost property, before it has become impossible to do so by lapse of time.
The judgments of the circuit court and the court of common pleas are

Reversed.

'■ Shauck, C. J., Price, Crew and Summers. JJ., concur.